UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

CHRISTOPHER SILENT,                )
                                   )
            Petitioner             )
                                   )
v.                                 )        Case No. 4:12-cv-00075-IPJ-HGD
                                   )
ERIC HOLDER, et al.                )
                                   )
            Respondents            )

## MEMORANDUM OPINION

Petitioner, Christopher Silent, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He challenges his continued detention pending deportation to Jamaica and seeks release under an order of supervision.  Petitioner asserts that his removal is not reasonably foreseeable in the near future because he has appealed his removal order to the Bureau of Immigration Appeals (BIA) and, if necessary, will appeal to the federal appellate court, and the appeal process could take months or years.  He also contends that he is not subject to the "mandatory detention" provision of 8 U.S.C. § 1226(c)(1), arguing that the statute applies only to aliens who have been detained by the Bureau of Immigration and Customs Enforcement (BICE) immediately after their release from a period of incarceration, yet he was released from custody on May 12, 2009.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a citizen of Jamaica who entered the United States at New York, New York, on June 12, 1984, as a lawful permanent resident.  (Doc. 5-1, Smith Decl., at ¶ 2).  On January 5, 1993, petitioner was convicted in the Supreme Court, State of New York, for second degree robbery and second degree burglary.  He was sentenced to a term of imprisonment of 1½ to 4½ years for each offense.  (*Id.* at ¶ 3).  On February 9, 1995, Silent was convicted in the United States District Court for the Eastern District of New York for the offense of car jacking, in violation of 18 U.S.C. § 2119.  He was sentenced to 74 months of imprisonment for this offense.  (*Id.* at ¶ 4).  On August 18, 2003, Silent was convicted in the County Court of the State of New York, Nassau County, of second degree robbery and sentenced to seven years of imprisonment.  (*Id.* at ¶ 5).  He was released on May 12, 2009.  (Doc. 1, Petition, at ¶ 11).  Petitioner violated the terms of his parole and was reincarcerated at some point for a period of 90 days, being released August 23, 2011.  *See* Doc. 9 at ¶ 5.

As a result of the criminal convictions, BICE issued Silent a Notice to Appear (NTA) on June 15, 2011,[1] charging him with removability pursuant to INA §§ 237(a)(2)(A)(ii) and 237(a)(2)(A)(iii) (8 U.S.C. §§ 1227(a)(2)(A)(ii) and

---

[1] Petitioner asserts that the NTA was issued on April 5, 2011.  *See* Doc. 8-7.

1227(a)(2)(A)(iii)).  Silent was taken into ICE custody on July 25, 2011.[2]  (Smith Decl. at ¶ 6).

Petitioner first appeared before an Immigration Judge (IJ) on July 12, 2011. The IJ denied petitioner's request for a bond redetermination on August 3, 2011, finding that petitioner was subject to mandatory detention pursuant to INA § 236(c) (8 U.S.C. § 1226(c)).  (*Id.* at ¶ 7).

On October 12, 2011, the IJ found Silent removable as charged.  The IJ further found Silent ineligible for any relief from removal and ordered that he be removed from the United States to Jamaica.  Silent reserved appeal from the IJ's decision and perfected an appeal to the Board of Immigration Appeals (BIA) on October 24, 2011. (*Id.* at ¶ 7).  As of the date of the last submissions in this action (February 14, 2012), petitioner's appeal was still pending before the BIA.  He has stated his intent to appeal any adverse determination by the BIA to the Second Circuit Court of Appeals.

## DISCUSSION

Petitioner contends that he is not properly subject to mandatory detention pending removal under 8 U.S.C. § 1226(c).  This statute provides in relevant part:

---

[2] Petitioner asserts that he was taken into ICE custody on August 23, 2011.  *See* Doc. 9 at ¶ 5.

   (c) Detention of criminal aliens
       (1) Custody
       The Attorney General shall take into custody any alien who--
       (A) is inadmissible by reason of having committed any
       offense covered in section 1182(a)(2) of this title,
       (B) is deportable by reason of having committed any
       offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B),
       (C), or (D) of this title,
       (C) is deportable under section 1227(a)(2)(A)(i) of this title
       on the basis of an offense for which the alien has been
       sentence[d] to a term of imprisonment of at least 1 year, or
       (D) is inadmissible under section 1182(a)(3)(B) of this title
       or deportable under section 1227(a)(4)(B) of this title,

when the alien is released, without regard to whether the alien is
released on parole, supervised release, or probation, and without regard
to whether the alien may be arrested or imprisoned again for the same
offense.

8 U.S.C. § 1226(c)(1).

Petitioner is being held pursuant to § 1226(c)(1)(B).  He argues, citing cases

from, *inter alia*, the Western District of Washington, the Eastern District of Virginia,

the District of Massachusetts and the Western District of New York, that because he

was not taken into BICE custody immediately upon his release from state custody, he

cannot be subject to mandatory detention.  He argues that, instead, he should receive

an individualized bond hearing before an Immigration Judge.

The Court does not find the cases cited by petitioner persuasive.  Instead, the

Court finds persuasive the discussion and holding in *Hosh v. Lucero*, 680 F.3d 375

(4th Cir. 2012).  In *Hosh*, the court determined that the BIA's interpretation of
§ 1226(c), that an alien need not be taken into BICE custody immediately after
release from state custody to be subject to mandatory detention, was to be given
deference.  It cited the BIA's interpretation of the statute in *In re Rojas*, 23 I. & N.
Dec. 117 (BIA 2001).  While noting that some district courts had reached a contrary
result, it nonetheless found the BIA's interpretation to be permissible and due
deference.  Therefore, petitioner's mandatory detention is warranted under § 1226(c).

In making this determination, the Court also relies in part on the reasoning of
the United States Supreme Court in *Demore v. Kim*, 538 U.S. 510, 123 S.Ct. 1708,
155 L.Ed.2d 724 (2003).  In *Demore*, the Supreme Court considered a challenge to
the constitutionality of § 1226(c) by a lawful permanent resident alien who had been
held without bail during the pendency of removal proceedings against him.  It upheld
the constitutionality of § 1226(c) and its no-bail provision, finding that "[s]uch
detention necessarily serves the purpose of preventing deportable criminal aliens from
fleeing prior to or during their removal proceedings, thus increasing the chance that,
if ordered removed, the aliens will be successfully removed."  *Id.* at 528, 123 S.Ct.
at 1720.

The Court also finds instructive the case of *Ly v. Hansen*, 351 F.3d 263 (6th
Cir. 2003), which approved detention of criminal aliens without bond for a

"reasonable period of time required to initiate and conclude removal proceedings promptly." *Id.* at 273.  It also stated that the determination of reasonableness was fact-specific and depended upon the chance of an actual, final removal, and an alien could petition for habeas corpus relief if the removal process was taking an unreasonably long time.  It held that, in the case of the petitioner before it, detention of a year and a half was unreasonable because there was no chance of actual, final removal to Vietnam given the lack of a repatriation treaty between the United States and Vietnam.  In so holding, the court also stated:

> Under the rule we adopt today, courts must be sensitive to the possibility that dilatory tactics by the removable alien may serve not only to put off the final day of deportation, but also to compel a determination that the alien must be released because of the length of his incarceration. Without consideration of the role of the alien in the delay, we would encourage deportable criminal aliens to raise frivolous objections and string out the proceedings in the hopes that a federal court will find the delay "unreasonable" and order their release.

*Id*. at 272.  *Accord, Wilson v. Mukasey*, 2010 WL 456777 (W.D.La. Feb. 2, 2010) (denying habeas corpus relief to petitioner mandatorily detained pending deportation to Jamaica).

In this case, petitioner has been in BICE custody for a little over a year.  He is challenging the IJ's removal order in the BIA and has stated his intent to appeal any adverse decision to the Second Circuit Court of Appeals.  It is probable that the

Second Circuit would issue a stay of removal pending its review of petitioner's challenge.  The United States and Jamaica have a repatriation agreement in place, so it cannot be said there is no chance of actual, final removal.  *See Ricketts v. Mule*, 2009 WL 102953 (W.D.N.Y. Jan. 13, 2009); *Washington v. Ashcroft*, 2006 WL 314527 (Feb. 9, 2006); *Byfield v. INS*, 2002 WL 32348282 (E.D.Pa. June 3, 2002). Under these circumstances, the Court finds that the length of petitioner's detention is not unreasonable.

If petitioner is asserting that he should be released under an order of supervision because he has been in BICE custody longer than is permissible, his assertion has no merit.  With respect to detention, release, and removal of aliens ordered removed, 8 U.S.C. § 1231(a) gives the Attorney General a 90-day period to accomplish the removal of an alien following the entry of a final order of deportation. Title 8 U.S.C. § 1231(a)(1)(B) provides:

> The removal period begins on the latest of the following:
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

The Supreme Court held in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), that § 1231(a) authorizes detention for a period reasonably

necessary to accomplish the alien's removal.  *Id.* at 699-700, 121 S.Ct. at 2504.  The

court found that six months is a presumptively reasonable period of time to allow the

government to remove an alien after the removal period has commenced.  *Id.* at 701,

121 S.Ct. at 2505.  The Supreme Court further stated that:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.  This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

Since there is no final order of deportation, the removal period under *Zadvydas*

has not commenced and any petition for release under supervision pending removal

is premature.  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002);

*Carrillo-Gudiel v. Holder*, 2012 WL 2721918 (M.D.Ga. June 21, 2012).

To the extent petitioner is challenging the determination that he is subject to

deportation, that challenge is not properly before this district court.  Instead, it is a

matter for the BIA and the appropriate federal appellate court.  *See* 8 U.S.C.

§ 1252(a)(5).

Based on the foregoing, the Court finds that the petition for writ of habeas corpus is due to be denied.  A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 27th day of September, 2012.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE